G. P. GARRETT, *Appellant,* vs. DR. P. PHILLIPS, *Appellee.*
137 So. 794.
En Banc.
(See 101 Fla. 426, 134 So. 231).
Petition for Rehearing denied May 26, 1931.

*G. P. Garrett* and *G. Wayne Gray*, both of Orlando, for Appellant;

*Akerman & Akerman* and *Claude L. Gray*, all of Orlando, for Appellee.

Per Curiam.—Pleas upon equitable grounds may by statute be filed in law actions but such pleas may be eliminated on demurrer or motion where the defenses so pleaded may be made available under other pleas. If pleas upon equitable grounds are erroneously eliminated on motion or demurrer and the defense appropriate to the excluded pleas is admitted under other pleas, such error may be harmless; but if proper pleas on equitable grounds are erroneously eliminated and the evidence appropriate to the eliminated pleas is excluded at the trial, the error may be corrected in appropriate appellate proceedings taken upon an adverse judgment.

Where in an action at law to recover damages for unpaid rent, pleas of surrender of the premises before rent due and the acceptance thereof by the landlord are eliminated on demurrer or motion; and further pleas on equitable grounds asserting in substance the same defense are also eliminated on demurrer or motion, such eliminations of pleas do not afford an equity to enjoin the law action until the controversy is adjudicated in the equity suit, since even if the asserted defenses may not be made available under pleas of set off or other appropriate pleas, there being no equity for a complicated accounting, error in excluding the pleas, if not corrected by admitting the defenses in evidence at the trial, may be remedied in appellate proceedings after final judgment in the law action,

Rehearing denied.

Buford, C.J., and Whitfield, Ellis and Brown, J.J., concur.

Terrell and Davis, J.J., dissent.